## No. 10,254.

## HEALD v. CRUMP.

Decided April 2, 1923. Rehearing denied May 7, 1923.

Action on promissory note. Judgment for plaintiff.

*Affirmed.*

1. PLEADING—*Duress.* A plea of duress must specifically state the facts which are relied on to establish the defense.

2. DURESS—*Threats.* Threats to do what one may lawfully do, is not duress.

3. PLEADING—*Promissory Note—Want of Consideration.* In an action on a promissory note, an allegation in the answer that "defendant received no consideration for said note," is insufficient.

4. APPEAL AND ERROR—*Practice.* It is not the duty of the appellate court to search for authorities or reasons to determine questions presented on review.

5. PLEADING—*Immaterial Issues.* Where the allegations of an answer do not show defendant entitled to defeat plaintiff's action, a reply to such allegations does not raise material issues.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. E. CLIFFORD HEALD, for plaintiff in error.

Mr. K. V. RILEY, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action upon a promissory note. Both sides moved for judgment on the pleadings. The motion of plaintiff was sustained. Judgment was entered accordingly, and defendant has sued out this writ of error.

The complaint is in the usual form. It sets out the note, which is one for $500, dated February 28, 1920, and due in six months. The answer consists of three defenses. The first is not now considered by either party. The second and third defenses must be considered together as one, for the reason that the third adopts all the allegations of the second, and then does no more than add: "That said note was obtained from this defendant by duress and threats."

That additional sentence is merely a conclusion of law. A plea of duress must specifically state the facts which are relied on to establish the defense. 8 C. J. 923.

If duress is pleaded at all in this case, it is pleaded in the second defense. It is there alleged, in substance, that the note sued on is a renewal note, and that it was given because plaintiff threatened to sell the collateral security

which had been given to secure the original note. It is not shown that plaintiff did not have the legal right to sell the collateral. Threats to do what one may lawfully do is not duress. *Miller v. Davis,* 52 Colo. 485, 122 Pac. 793. The answer is insufficient as a plea of duress.

The only other defense attempted to be pleaded is want of consideration. The allegation that "defendant received no consideration for said note," is not sufficient for this purpose. 8 C. J. 916; *Welles v. Colorado* Co., 49 Colo. 508, 113 Pac. 524. The other allegations are to the effect that the original note was given March 3, 1916, in consideration of plaintiff's agreeing to conduct certain litigation and carry a case to the Supreme Court, and that the agreement to carry the case to the appellate court was disregarded. It is not apparent from the answer that there was a want or failure of consideration for the renewal note, which is the one sued on. We are not advised by the briefs why we should regard the answer as a sufficient plea of want or failure of consideration, and it is not our duty to search for authorities or reasons to determine that point. 3 C. J. 1428; *Downing v. Tipton,* 48 Colo. 364, 110 Pac. 70. Moreover, plaintiff in error does not appear to rely on that point, but devotes his argument principally to the question of duress, hereinbefore considered.

The plaintiff below filed a replication, giving his version of what was done under the contract for services. Plaintiff in error contends the reply raises material issues. However, if the allegations of the answer do not show defendant entitled to defeat plaintiff's action, and we so hold, then the reply to such allegations does not raise material issues.

There was no error in granting the motion for judgment on the pleadings. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.