Austin J. COOPER and Dorothy J. Cooper, Plaintiffs-Appellants,

v.

FLAGSTAFF REALTY and Lila Jones, Defendants-Appellees.

No. 79CA0323.

Colorado Court of Appeals, Div. II.

June 11, 1981.

Rehearing Denied July 2, 1981.

Certiorari Denied Oct. 13, 1981.

Joseph P. Jenkins, P. C., Joseph P. Jenkins, Estes Park, for plaintiffs-appellants.

Martin, Knapple, Humphrey & Tharp, Richard A. Tharp, Boulder, for defendants-appellees.

BERMAN, Judge.

In this suit arising from a real estate brokerage transaction, plaintiffs (sellers) seek, among other things, rescission of a promissory note and a related deed of trust. Trial court judgment was for defendants (brokers), and plaintiffs appeal. We affirm.

The record reveals that on May 1, 1975, sellers entered into an exclusive listing agreement with brokers to sell the Lazy T motel, bar, and restaurant located in Estes Park, Colorado. It is undisputed that, pursuant to such agreement, brokers obtained buyers for the property in question; that on February 3, 1976, a contract of sale was executed; and, that the property was ultimately sold to the very buyers brokers had obtained. As part of the consideration for the sale, sellers received from buyers certain real property.

On the same date on which the sale contract was executed, sellers also executed a written agreement concerning the brokerage commission. In that agreement, sellers (1) promised to execute a promissory note whose principal would equal the commission, and (2) promised to execute a deed of trust to secure the note, which deed of trust was to be upon the real property sellers were to receive as part of the sale price for their Estes Park property.

On March 11, 1976, sellers discharged brokers from further responsibility for the transaction. Assertedly, such discharge resulted from brokers' failure to provide expected services, and from apparent personality conflicts between sellers and brokers.

As a consequence of the discharge, some question arose as to whether sellers intended to pay brokers their commission.

Before closing occurred on the underlying real estate sale, brokers initiated legal action ostensibly to protect their rights to their commission. In addition, brokers filed associated notices of lis pendens on the properties involved in the underlying real estate sale.

On April 2, 1976, sellers executed the note and deed of trust for which the February 3, 1976, agreement specifically provided. At the same time, buyers, sellers, and brokers executed a mutual release applying to "all alleged wrongs or causes of action" arising out of the related real estate transaction. As a result, brokers dismissed their lawsuit against sellers, and also caused the lis pendens to be withdrawn.

■ On appeal, sellers argue first that the note, deed of trust, and release were executed under duress in that such execution was demanded as a precondition to the release of the lis pendens. In this regard, sellers claim that the lis pendens stood, in effect, as a bar to the closing of the real estate deal. Sellers allege that, since it was important that the deal be consummated promptly, they had little choice other than to execute the instruments here in question. They insist that, under these circumstances, the trial court should have granted their request to rescind these instruments.

The record, however, entirely supports the trial court's findings, the substance of which is:

(1) sellers did not challenge the validity of the February 3, 1976, commission agreement,

(2) the execution of the note and deed of trust represents sellers' performance of the February 3 agreement, and

(3) sellers therefore are not entitled to complain that they were forced to do that which they were legally obligated to do.

We agree with the trial court that the "duress" of which sellers complain involved no more than permissible efforts (see discussion, *infra*, of the appropriateness here

of lis pendens) on the brokers' part to obtain that to which they were colorably entitled. Under such circumstances, the trial court properly denied rescission of the note and deed of trust. *Heald v. Crump*, 73 Colo. 251, 215 P. 140 (1923); *see also Adjustment Bureau, Inc. v. Rogers*, 143 Colo. 480, 354 P.2d 605 (1960); *Wiesen v. Short*, Colo.App., 604 P.2d 1191 (1979). Nor does *Aztec Sound Corp. v. Western States Leasing Co.*, 32 Colo.App. 248, 510 P.2d 897 (1973), relied upon by sellers, require rescission of the mutual release in a case such as this one. Accordingly, we reject sellers' first argument.

■ Sellers next contend that the filings of lis pendens here did not comply with C.R.C.P. 105(f) in that the relief which the brokers sought in their lawsuit was not of a sort "affecting title to real property" as required by the Rule. The criteria controlling the resolution of this issue were set forth in *Hammersley v. District Court*, Colo., 610 P.2d 94 (1980). In *Hammersley*, the Colorado Supreme Court concluded that "giving an expansive interpretation to the language 'affecting title to real property' as found in C.R.C.P. 105(f)" would serve to further the policy that successful completion of suits involving rights in real property should not be thwarted by permitting transfers of such property before such suits are resolved.

As in *Hammersley*, "[a]lthough the present litigation does not seek to change ownership in any way, it does involve a determination of certain rights [*and liabilities*] incident to ownership and in that sense affects title to real property." In view of the foregoing, we think the *Hammersley* doctrine applicable here and hold that the instant case, insofar as it involves litigation of a promise to grant a deed of trust applying to a specific parcel of real property, is one affecting title to that real property within the meaning of C.R.C.P. 105(f).

■ Sellers' next contention that the filing of lis pendens under the circumstances of this case constituted abuse of process is without merit. *See Tekai Corp. v. Transamerica Title Insurance Co.*, 39 Colo.App.

528, 571 P.2d 321 (1977); *Aztec Sound, supra.*

Finally, sellers' contention that brokers were guilty of outrageous conduct was properly rejected by the trial court. *See Meiter v. Cavanaugh,* 40 Colo.App. 454, 580 P.2d 399 (1978).

The judgment is affirmed.

SMITH and VAN CISE, JJ., concur.