VAIL/ARROWHEAD, INC., a Colorado corporation, Petitioner,

v.

The DISTRICT COURT FOR THE FIFTH JUDICIAL DISTRICT, EAGLE COUNTY, State of Colorado, and the Honorable Richard H. Hart, District Court, Eagle County, Fifth Judicial District, Respondents.

No. 97SA188.

Supreme Court of Colorado, En Banc.

Feb. 23, 1998.

Holme Roberts & Owen, LLP, Nancy J. Gegenheimer, John R. Webb, Denver, Walter H. Sargent, PC., Walter H. Sargent, Colorado Springs, for Petitioner.

Fairfield and Woods, P.C., Brent T. Johnson, Denver, for James H. Moore & Associates Realty, Inc.

Justice BENDER delivered the Opinion of the Court.

The petitioner, Vail/Arrowhead, Inc. ("Vail"), brought this original proceeding under C.A.R. 21 seeking relief in the nature of mandamus from an order issued by the Eagle County District Court ("the district court") denying Vail's motion for summary judgment and permitting the plaintiff in the proceedings below, James H. Moore and James H. Moore & Associates Realty, Inc. (collectively, "Moore"), to reassert a claim for specific performance of property after Moore filed a disclaimer of any interest in the property under C.R.C.P. 105(f)(3). We issued a rule to show cause why the relief requested should not be granted. We hold that a disclaimer filed pursuant to C.R.C.P. 105(f)(3) operates to bar all claims to interests in property pursuant to the terms of the disclaimer. Moore's claim against Vail is barred unless Moore executed the disclaimer under duress, which is an issue that must be resolved by the district court under the standards articulated in this opinion. Accordingly, we make the rule absolute in part and discharge the rule in part.

I.

In 1988, Moore entered into negotiations with Arrowhead at Vail and Arrowhead at

Vail, Inc. (collectively, "Arrowhead"), to purchase property from Arrowhead located in Eagle County, Colorado. In April of 1990, Moore learned that Arrowhead was negotiating with another developer for the sale of the property and sued Arrowhead for breach of contract, requesting specific performance. Moore also recorded a notice of lis pendens on the property.[1] Arrowhead filed counterclaims for slander of title and abuse of process and moved for summary judgment on Moore's specific performance claim.

The district court granted summary judgment against Moore on the specific performance claim. Arrowhead then mailed Moore several letters urging Moore to minimize liability for damages and attorney fees on Arrowhead's counterclaims by filing a release of the notice of lis pendens. In one such letter, Arrowhead instructed Moore that a release of notice of lis pendens must be accompanied by a disclaimer of interest in the property under C.R.C.P. 105(f)(3).

On January 15, 1991, Moore executed a release of notice of lis pendens and a disclaimer of interest under C.R.C.P. 105(f)(3). The disclaimer provided in pertinent part:

> [Moore] ... pursuant to Rule 105(f)(3), C.R.C.P., hereby disclaims any interest in all or any part of the following described real property.

Moore filed these documents with the Eagle County District Court on January 16, 1991. These documents were also filed with the Eagle County Clerk and Recorder on January 21, 1991.

Arrowhead prevailed on the counterclaims, and Moore appealed to the court of appeals. During the pendency of that appeal, Arrowhead sold the property to Vail.

The court of appeals reversed the district court's order granting summary judgment against Moore on the specific performance

claim and remanded with instructions to the district court to reinstate the claim. *See James H. Moore & Assoc. Realty, Inc. v. Arrowhead at Vail,* 892 P.2d 367, 375 (Colo. App.1994). However, Arrowhead no longer owned the property for which Moore sought specific performance. In an effort to preserve the specific performance claim, Moore sought to amend the complaint to join the new owner, Vail, as a defendant. The district court granted Moore's motion to amend.

Vail moved for summary judgment, arguing that when Moore filed a disclaimer of interest in the property on January 16, 1991, any claims by Moore against the property became jurisdictionally barred by operation of C.R.C.P. 105(f)(3), which provides:

> Nothing in this Rule 105(f) shall be construed so as to preclude any party litigant from disclaiming an interest in all or any part of the real property affected by such notice of lis pendens, by filing with the court an instrument so indicating, containing a reference to the notice of lis pendens by its recording data sufficient to locate it in the records of the clerk and recorder. *The filing of such instrument with the court then having jurisdiction shall bar any further claims of said party to such real property in said action.*

(Emphasis added.)[2] Vail contended that C.R.C.P. 105(f)(3) represented a jurisdictional bar to Moore's claims as a matter of law and that Vail was entitled to summary judgment.

In response to Vail's motion for summary judgment, Moore asserted that the disclaimer was voidable because the disclaimer was executed under circumstances constituting "economic duress." In support, Moore submitted the affidavit of the company president, James Moore. In this affidavit, James Moore stated that he had no choice but to file the disclaimer in an effort to mitigate dam-

---

**1.** The recording of a notice of lis pendens provides prospective purchasers with constructive notice that an action is pending that may affect title to the real property. *See Hammersley v. District Court,* 199 Colo. 442, 445, 610 P.2d 94, 96 (1980).

**2.** Vail additionally argued to the district court the following contentions not asserted in this original proceeding: (1) Vail was a bona fide

purchaser against whom specific performance could not be asserted; (2) Moore waived the specific performance claim by filing the release of notice of lis pendens and the disclaimer of interest in property; (3) Moore was estopped to assert the claim. The sole question before us is whether Moore's disclaimer represents a jurisdictional bar by operation of C.R.C.P. 105(f)(3).

ages on the counterclaims and that had the district court not erroneously dismissed Moore's claim for specific performance, he would not have executed the disclaimer.

The district court denied Vail's motion for summary judgment. The district court's order stated:

> [Moore] has shown that not later than August 10, 1993, [Vail] knew that Plaintiff was seeking reversal of this court's order dismissing specific performance claims.... [Moore] presents factual support for its claim that the release was not a voluntary and intentional relinquishment of a right to claim the property but a reaction to exigencies relinquishing constructive notice only. [Vail] has presented no facts to the contrary....
>
> Although specific performance claims were dismissed by the court and disclaimed by [Moore], upon remand, [Moore] has elected to reassert them.
>
> ....
>
> [Vail] misconstrues C.R.C.P. 105(f)(3) and is not entitled to dismissal of the specific performance claims herein as the basis thereof.

Vail filed a petition with this court under C.A.R. 21, contending that the district court exceeded its jurisdiction by denying Vail's motion for summary judgment and allowing Moore to proceed with claims barred by the Colorado Rules of Civil Procedure. Vail argues that the district court lost jurisdiction to consider further claims by Moore to the property described in the disclaimer once Moore filed the disclaimer of interest in the property.

## II.

### A.

■ We may exercise original jurisdiction under C.A.R. 21 when a district court exceeds its jurisdiction or abuses its discretion in exercising its functions, and appeal is not an adequate remedy. *See People v. District Court,* 953 P.2d 184, —— (Colo.1998). Intervention by way of original jurisdiction may be appropriate under the supervisory powers of this court to enforce its own rules

where, as here, the issue presented is the district court's failure to observe the rules of this court. *See Kuypers v. District Court,* 188 Colo. 332, 336, 534 P.2d 1204, 1206 (1975); *Curtis, Inc. v. District Court,* 186 Colo. 226, 230, 526 P.2d 1335, 1337 (1974). An appeal is not an appropriate remedy in this case because "the propriety of a summary judgment denial is not appealable after a trial on the merits." *Feiger, Collison & Killmer v. Jones,* 926 P.2d 1244, 1250 (Colo. 1996). Hence, our intervention in this matter is proper.

■ Summary judgment is appropriate only when the pleadings and supporting documents demonstrate that no genuine issue exists as to any material fact and that the moving party is entitled to summary judgment as a matter of law. *See Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Bd.,* 901 P.2d 1251, 1256 (Colo. 1995). Our review of an order granting or denying a motion for summary judgment is de novo. *See id.*

### B.

■ We now address the question of whether Moore's disclaimer represents a jurisdictional bar by operation of C.R.C.P. 105(f)(3). Rule 105(f)(3) provides:

> The filing of [a disclaimer] with the court then having jurisdiction shall bar any further claims of said party to such real property in said action.

This language in plain terms states that a person who files a disclaimer of interest in property is forever barred from making further claims to that property. *See Mahaffey v. Barnhill,* 855 P.2d 847, 849 (Colo.1993) (stating that this court will construe a statute to limit jurisdiction only when that limitation is explicit). This jurisdictional bar is absolute absent fraud or duress. *See Concialdi v. Pueblo Gas & Fuel Co.,* 137 Colo. 563, 570–71, 328 P.2d 98, 102 (1958).

■ The district court held that C.R.C.P. 105(f)(3) did not apply in this case, providing no explanation for this determination except that Vail "misconstrues C.R.C.P. 105(f)(3) and is not entitled to dismissal of the specific performance claims herein as the

basis thereof." While we are unable to discern the meaning of this statement with certainty, a possible interpretation is that the district court thought a disclaimer under C.R.C.P. 105 was only effective in actions brought pursuant to C.R.C.P. 105 and thus ruled that the disclaimer was irrelevant because the claim for specific performance was not brought under that rule.[3] However, we find this reasoning unpersuasive because the language of the disclaimer and the wording of C.R.C.P 105(f)(3) cannot be read so narrowly. A disclaimer filed pursuant to C.R.C.P. 105(f)(3) operates to bar all claims to interests in property pursuant to the terms of the disclaimer, regardless of the precise legal theory or reasons that led to making the disclaimer. An action need not be brought under C.R.C.P. 105 as a precondition to making an effective disclaimer of interest under C.R.C.P. 105(f)(3).C.

Moore next contends that the disclaimer was not effective because it was executed under duress. Moore argues that the letters to Moore from Arrowhead's counsel urging the release of the lis pendens and the filing of the disclaimer, reinforced by the district court's initial erroneous judgment in favor of Arrowhead, constitute "economic duress." Moore asserts that the district court's finding that the disclaimer was not voluntary should be interpreted as a determination that the disclaimer was executed under duress and that we are bound to defer to this determination. *See In re Y.D.M.*, 197 Colo. 403, 410, 593 P.2d 1356, 1361 (1979) (the existence of duress is a question of fact); *see also First Interstate Bank v. Tanktech, Inc.*, 864 P.2d 116, 122 (Colo.1993) ("We defer to findings of fact by the trial court unless clearly erroneous and not supported by the record."). Moore relies upon the following language from the district court's order:

> [Moore] presents factual support for its claim that the release was not a voluntary and intentional relinquishment of a right to

claim the property but a reaction to exigencies relinquishing constructive notice only. [Vail] has presented no facts to the contrary.

■ We have previously addressed the issue of duress in the context of a bilateral contract, however, we have not specifically dealt with the issue of duress as it applies to a unilateral act such as a disclaimer of interest in property. *See Black's Law Dictionary* 464 (6th ed.1990) (defining a disclaimer as "[t]he repudiation or renunciation of a claim or power vested in a person or which he had formerly alleged to be his"). We find the jurisprudence of contracts sufficiently analogous to the issue before us to provide a framework for analysis. Hence, for purposes of determining whether a unilateral act such as a disclaimer of interest is voidable on the grounds of duress, we adopt the analysis contained in our cases governing contractual duress and in the *Restatement (Second) of Contracts*.

A contract is voidable on the grounds of duress if a party's manifestation of assent is induced by an improper threat that leaves no reasonable alternative. *See Restatement (Second) of Contracts* § 175 (1981); *DeJean v. United Airlines, Inc.*, 839 P.2d 1153, 1160 (Colo.1992).

■ The *Restatement (Second) of Contracts* § 176 (1981) provides:

(1) A threat is improper if

(a) what is threatened is a crime or a tort, or the threat itself would be a crime or a tort if it resulted in obtaining property,

(b) what is threatened is a criminal prosecution,

(c) what is threatened is the use of civil process and the threat is made in bad faith, or

(d) the threat is a breach of the duty of good faith and fair dealing under a contract with a recipient.

---

**3.** C.R.C.P. 105 provides for the complete adjudication of the rights of all parties with respect to real property. *See Merth v. Hobart*, 129 Colo. 546, 551, 272 P.2d 273, 275 (1954). This rule authorizes a variety of legal actions, including quiet title suits, disputed boundary actions, judicial foreclosures, and actions to determine sev-

ered mineral rights. *See* 13 Debra Knapp, *Colorado Practice* § 105.1 (1996). A defendant in such an action may facilitate the resolution of a dispute regarding property rights by filing a disclaimer expressing an intent to renounce any interest in the property. *See* C.R.C.P. 105(c); Knapp, *supra*, § 105.4.

(2) A threat is improper if the resulting exchange is not on fair terms, and

    (a) the threatened act would harm the recipient and would not significantly benefit the party making the threat,

    (b) the effectiveness of the threat in inducing the manifestation of assent is significantly increased by prior unfair dealing by the party making the threat, or

    (c) what is threatened is otherwise a use of power for illegitimate ends.

Hence, an improper threat is one that is "so shocking that the court will not inquire into the fairness of the resulting exchange," or a threat "in which the impropriety consists of the threat in combination with resulting unfairness."[4] *Restatement (Second) of Contracts* § 176 cmt. a (1981). A threat is not improper, however, if the resulting exchange is on fair terms. *See id.*

■ Economic threats may give rise to duress:

> Modern decisions have recognized as improper a much broader range of threats, notably those to cause economic harm. The rules stated in this Section recognize as improper both the older categories and their modern extensions under developing notions of "economic duress" or "business compulsion." The fairness of the resulting exchange is often a critical factor in cases involving threats.

*Id.* Thus, it is important to distinguish exchanges between parties with relatively equal bargaining power from unfair exchanges permitting judicial intervention:

> The proper limits of bargaining are difficult to define with precision. Hard bargaining between experienced adversaries of relatively equal power ought not to be discouraged. Parties are generally held to the resulting agreement, even though one

has taken advantage of the other's adversity, as long as the contract has been dictated by general economic forces.

*Restatement (Second) of Contracts* § 176 cmt. f (1981).

■ An improper threat does not constitute economic duress if the victim fails to pursue a reasonable alternative but instead yields to the threat. *See Restatement (Second) of Contracts* § 175 cmt. b (1981). For example, the threat of commencing a civil action to enforce a monetary claim may be considered "improper" under this definition but does not generally constitute duress because the victim's ability to assert his or her rights in the threatened action is a reasonable alternative to succumbing to the threat and then later filing suit. *See id.*

■ Here, the district court stated that Moore filed the disclaimer as "a reaction to exigencies" and that this filing was "not voluntary." Although this language does not satisfy the definition of duress adopted above, the district court did not have the benefit of the standard of duress we articulate in this opinion. "[I]t would be unfair to the parties to set out a definition of a[ ] term essential to the case and not provide them with an opportunity to present relevant evidence and argue how the newly delineated definition applies to that evidence." *Fogg v. Macaluso,* 892 P.2d 271, 275–76 (Colo.1995). Accordingly, the district court is directed to conduct further proceedings as it deems necessary to determine whether a material issue of fact exists to support a claim that the disclaimer was voidable because Moore's execution of the disclaimer was induced by an improper threat that left Moore with no reasonable alternative.

---

4. For modern examples of the application of the doctrine of duress, see *Pittman v. Larson Distrib. Co.,* 724 P.2d 1379, 1384 (Colo.App.1986) (holding that an employer's threat to blacklist an employee in an industry unless the employee consented to a modified employment contract with less favorable terms was duress because such blacklisting was a misdemeanor and therefore "improper"); *Cooper v. Flagstaff Realty,* 634 P.2d 1013, 1015 (Colo.App.1981) (permissible efforts to obtain that to which one was colorably entitled did not constitute duress); *Wiesen v. Short,* 43 Colo.App. 374, 375, 604 P.2d 1191, 1192 (1979) (creditor was not placed under duress by threat of bankruptcy and other "business compulsion," especially because creditor had the advice of an attorney and an opportunity to reflect on the decision). For older cases, see *Adjustment Bureau, Inc. v. Rogers,* 143 Colo. 480, 484, 354 P.2d 605, 607, (1960); *Heald v. Crump,* 73 Colo. 251, 253, 215 P. 140, 141 (1923); and *McClair v. Wilson,* 18 Colo. 82, 84–85, 31 P. 502, 503 (1892).

### III.

We hold that a disclaimer filed pursuant to C.R.C.P. 105(f)(3) operates to bar all claims to interests in property pursuant to the terms of the disclaimer. Moore's claim against Vail is barred unless Moore executed the disclaimer under duress, which is an issue that must be resolved by the district court under the definition of duress articulated in this opinion. Accordingly, we make the rule absolute in part and discharge the rule in part.