Brad McINTIRE, Plaintiff–Appellant,

v.

**TRAMMELL CROW, INC.,**
**Defendant–Appellee.**

No. 06CA1074.

Colorado Court of Appeals,
Div. III.

Nov. 1, 2007.

§ 24–51–1105, C.R.S.2007.

Cohen & Associates, P.C., Jeffrey Cohen, Benjamin M. Petre, Denver, CO, for Plaintiff–Appellant.

Overturf McGath Hull & Doherty, P.C., Mark C. Overturf, Robert I. Lapidow, Denver, CO, for Defendant–Appellee.

Opinion by Judge ROY.

Plaintiff, Brad McIntire (the worker), appeals the trial court's summary judgment in favor of defendant, Trammell Crow, Inc. (the manager). We affirm.

The worker commenced this proceeding alleging that he was injured when a pulley temporarily installed to lift wallboard broke loose from its mooring, fell, and struck him on the head. At the time of the accident, the worker was an independent contractor for a glass and construction business (the contractor) that had been hired by the manager to repair skylights.

The worker's complaint alleged causes of action against the owner of the building, the manager, the contractor, and various construction workers, premised, as relevant to the manager, on theories of negligence, premises liability, negligent selection of the contractor, negligence per se for failing to have workers' compensation insurance, and civil conspiracy. The manager moved for summary judgment, asserting that section 13–21–115, C.R.S.2007 (the Act), is the worker's exclusive remedy, and that the manager could not be held liable as it did not know, and had no reason to know, of the defective mooring of the pulley.

It is undisputed that the manager is a "landowner" within the meaning of section 13–21–115(1), C.R.S.2007, and that the worker was an "invitee" within the meaning of section 13–21–115(5)(a), C.R.S.2007.

The trial court granted the motion after concluding, among other things, that the manager neither knew, nor had reason to

know, that the pulley was inadequately moored and was, therefore, dangerous. The manager then filed a motion for entry of final judgment, which the trial court granted.

On appeal, the worker asserts that the trial court erred in reading the Act too narrowly and that the manager should be held liable under the Act because (1) the nature of the construction work involving tall scaffolding was dangerous; (2) the construction site was unsupervised the day of the accident; and (3) the workers did not wear hard hats. We are not persuaded.

## I. Summary Judgment

Summary judgment is appropriate when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. "The moving party has the burden of establishing the lack of a triable factual issue, and all doubts as to the existence of such an issue must be resolved against the moving party." *Cung La v. State Farm Auto. Ins. Co.*, 830 P.2d 1007, 1009 (Colo.1992) (quoting *Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1340 (Colo.1988)). We review a grant of summary judgment de novo. *Vail/Arrowhead, Inc. v. Dist. Court*, 954 P.2d 608, 611 (Colo.1998).

## II. Standard of Review

The interpretation of statutes is a question of law subject to de novo review. *Hendricks v. People*, 10 P.3d 1231, 1235 (Colo.2000). When construing statutes, our primary duty is to give effect to the intent of the General Assembly, looking first to the statute's plain language. *In re 2000–2001 Dist. Grand Jury*, 97 P.3d 921, 924 (Colo. 2004). If a statute is clear and unambiguous on its face, then we need not look beyond the plain language and must apply the statute as written. *Garhart ex rel. Tinsman v. Columbia/HealthONE, L.L.C.*, 95 P.3d 571, 591 (Colo.2004).

## III. The Act

The premises liability statute was adopted for the stated purpose of "protect[ing] landowners from liability in some circumstances when they were not protected at common law and ... defin[ing] the instances when liability will be imposed in the manner most consistent with the policies set forth in [the same sub-section]." § 13–21–115(1.5)(e), C.R.S.2007. The General Assembly's adoption of the Act reinstated the common law classifications and established a standard of care applicable to each.

As pertinent here, the liability of a landowner to an invitee under the Act is stated in section 13–21–115(3)(c)(I), C.R.S.2007, as follows: "Except as otherwise provided in [an inapplicable subsection], an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against *dangers of which he actually knew or should have known.*" (Emphasis added.)

Section 13–21–115(2), C.R.S.2007, in pertinent part, states:

> In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and *by reason of the condition of such property, or activities conducted or circumstances existing on such property,* the landowner shall be liable only as provided in subsection (3) of this section.

(Emphasis added.)

> As explained by our supreme court,

> [T]he premises liability statute's classification of the duty owed ... invitees is ... complete and exclusive.... *[A] landowner owes an invitee the duty to exercise reasonable care in protecting against known dangers or those which the landowner should have known. Since these are the "only" situations under which a[n] ... invitee may recover, the statute's definition of landowner duty is complete and exclusive, fully abrogating landowner common law duty principles.* As such, the plain language preempts prior common law theories of liability, and establishes the statute as the sole codification of landowner duties in tort.

*Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004) (emphasis added).

The worker's argument is premised on our emphasized language in section 13–21–115(2). Specifically, he asserts that the property manager should be liable because (1) the nature of the construction work involving tall scaffolding was dangerous; (2) the construction site was unsupervised the day of the accident; and (3) the construction workers did not wear hard hats.

■ The worker appears to argue that section 13–21–115(2) expands section 13–21–115(3), which, we initially note, is contrary to the express language of section 13–21–115(2) that "the landowner shall be liable *only* as provided in subsection (3) of this section." (Emphasis added.) The term "only" means "as a single solitary fact or instance or occurrence." *Webster's Third New International Dictionary* 1577 (2002); *see also Riemer v. Columbia Med. Plan, Inc.,* 358 Md. 222, 747 A.2d 677, 687 n. 7 (2000).

■ Further, the "dangers" under section 13–21–115(3)(c)(I) for which the landowner is liable, almost by definition, must arise from "the condition of such property, or activities conducted or circumstances existing on such property." § 13–21–115(2), C.R.S. 2007. It is not knowledge of the condition, activities, or circumstances that gives rise to liability; it is the danger of which the owner actually knew or should have known. Here, that danger was the inadequately moored pulley.

Therefore, because there is no evidence that the manager actually knew or should have known of the improperly moored pulley, which was the undisputed danger, summary judgment was properly entered.

The judgment is affirmed.

TAUBMAN and TERRY, JJ., concur.