**Ken MEDINA, Milton Rosas, and George Sourial, Plaintiffs–Appellants,**

v.

**SONIC–DENVER T, INC., d/b/a Mountain States Toyota, and American Arbitration Association, Inc., Defendants–Appellees.**

**No. 10CA0275.**

Colorado Court of Appeals, Div. I.

March 17, 2011.

---

§ 24–51–1105, C.R.S.2010.

McNamara, Roseman, Martinez & Kazmierski, LLP, Barry D. Roseman, Denver, Colorado; Todd J. McNamara, P.C., Todd J. McNamara, Denver, Colorado, for Plaintiffs–Appellants.

Ducker, Montgomery, Lewis & Bess, P.C., Liza S. McKelvey, Denver, Colorado, for Defendant–Appellee Sonic–Denver T, Inc.

No Appearance for Defendant–Appellee American Arbitration Association, Inc.

Opinion by Judge TAUBMAN.

Plaintiffs, Kevin Medina, Milton Rosas, and George Sourial, appeal the trial court's summary judgment in favor of Sonic–Denver T, Inc., doing business as Mountain States Toyota, and the American Arbitration Association, Inc. (AAA). We affirm.

## I. Background

Mountain States Toyota is a car dealership in Denver, selling new and used cars. Medina, Rosas, and Sourial (the employees) are all former employees of the dealership. Mountain States Toyota employed Medina and Rosas as sales representatives, and Sourial as a finance director. Upon accepting employment at the dealership, the employees completed "new hire" paperwork that included a one-page document titled "Arbitration Agreement." Mountain States Toyota's Arbitration Agreement contained a waiver of class actions, class arbitrations, and multi-

plaintiff actions. The second paragraph of the agreement stated:

> By entering into this Agreement the parties are waiving their right to a jury trial and their right to bring or participate in any class action or multi-plaintiff or claimant action in court or through arbitration. Any arbitration initiated under this Agreement shall be solely conducted between the above parties ... and under no circumstances shall this Agreement allow or authorize arbitration of any claims as parties to a class action or class arbitration.

The heading of the agreement, printed entirely in capital letters and in a bold font, read: "IMPORTANT—READ CAREFULLY BEFORE SIGNING BINDING ARBITRATION AGREEMENT." The employees also signed three other arbitration agreements, one of which also contained a class arbitration waiver.[1]

In support of the motion for summary judgment, Mountain States Toyota provided the employees' depositions. Medina stated in his deposition that he had read all of his new hire paperwork, including each of the arbitration clauses, and that he had asked questions regarding other components of the paperwork but not the Arbitration Agreement. Rosas testified that he did not read the Arbitration Agreement before he signed it. Sourial testified that he both read the Arbitration Agreement before he signed it and asked questions about the agreement.

The Arbitration Agreement also provided that all disputes between the parties (with exceptions not relevant here) must be resolved by binding arbitration under the Federal Arbitration Act (FAA).

In December 2008, the employees filed an arbitration demand with AAA, asserting a claim for "unpaid commissions and other compensation on behalf of the named claimants and all others similar[ly] situated." The following month, AAA notified the employees that it declined to accept this matter for arbitration as a class claim.

In March 2009, the employees filed a complaint for declaratory and injunctive relief against Mountain States Toyota and AAA in the Adams County District Court. The complaint requested that the trial court declare Mountain States Toyota's prohibition against multi-plaintiff or multi-claimant action, as found in its arbitration agreement, unenforceable and void. The employees also requested that the trial court enjoin Mountain States Toyota and AAA from enforcing the prohibition against class actions and class arbitrations. In late 2009, the parties filed cross-motions for summary judgment.

On December 30, 2009, the trial court granted Mountain States Toyota's motion for summary judgment and denied the employees' motion. The trial court rejected the employees' contentions that the waiver of class actions and class arbitrations contravened the Colorado Wage Claim Act and that the Arbitration Agreement was unconscionable. The employees now appeal.

## II. Standard of Review

We review a grant of summary judgment de novo. *McIntire v. Trammell Crow, Inc.,* 172 P.3d 977, 979 (Colo.App.2007). Summary judgment is proper only when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Siepierski v. Catholic Health Initiative Mountain Region,* 37 P.3d 537, 539 (Colo.App.2001) (citing *Cung La v. State Farm Auto. Ins. Co.,* 830 P.2d 1007, 1009 (Colo.1992)); *see* C.R.C.P. 56(c). The nonmoving party is entitled to the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts, and all doubts as to the existence of a disputed issue of material fact must be resolved against the moving party. *Siepierski,* 37 P.3d at 539.

## III. *Stolt–Nielsen* Raised for the First Time on Appeal

■ After the trial court entered its summary judgment, the United States Supreme Court held that imposing class arbitration on parties who have not agreed to class arbitra-

---

1. During oral arguments, counsel for Mountain States Toyota stated that the company had agreed to allow a single arbitration for the three employees.

tion is inconsistent with the FAA. *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, ——U.S. ——, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010).

The employees contend that we should not consider the application of *Stolt–Nielsen* because Mountain States Toyota improperly presented arguments based on *Stolt–Nielsen* for the first time on appeal. We disagree.

Relying on *Dove v. Delgado*, 808 P.2d 1270, 1273 n. 3 (Colo.1991), the employees accurately recite the legal proposition that issues not presented in the trial court are deemed waived and cannot be raised for the first time on appeal.

■ However, new judicial decisions generally apply to cases "pending on direct appeal." *Vitetta v. Corrigan*, 240 P.3d 322, 327 (Colo.App.2009) (citing *Lopez v. People*, 113 P.3d 713, 716 (Colo.2005)). A case remains "pending" after entry of judgment and while the case is on appeal. *Vitetta*, 240 P.3d at 327. The view that cases remain "pending" while on appeal is "consistent with that word's ordinary meaning." *Id.* (quoting *Carey v. Saffold*, 536 U.S. 214, 219–20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)).

Here, the employees first raised *Stolt–Nielsen* in their opening brief on appeal, and Mountain States Toyota argued in its answer brief that we should apply that decision to resolve this appeal. We reject the employees' argument that Mountain States Toyota improperly raised arguments in its answer brief based on *Stolt–Nielsen*. This case remained pending while on appeal, and as a result, *Stolt–Nielsen* applies to this case. *Vitetta*, 240 P.3d at 327.

### IV. The Arbitration Agreement

■ The employees contend that the trial court erred when it found that their agreements with Mountain States Toyota to waive their rights to multi-plaintiff action or multi-claimant arbitration was valid and enforceable. As noted, the agreement required dispute resolution by binding arbitration under the FAA. Because we agree with Mountain

States Toyota that *Stolt–Nielsen* is dispositive, we perceive no error.

Neither the Colorado Supreme Court nor any division of the Colorado Court of Appeals has directly addressed whether an employee may waive his or her right to multi-plaintiff action or multi-claimant arbitration. Neither the Colorado Wage Claim Act nor the FAA expressly prohibits an employee from waiving his or her right to multi-claimant action. However, because of the decision in *Stolt–Nielsen*, we need not address this question directly.

In *Stolt–Nielsen*, the Supreme Court held that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Stolt–Nielsen*, —— U.S. at ——, 130 S.Ct. at 1775 (emphasis in original).

■ Interpretation of an arbitration agreement is generally a matter of state law. *Arthur Andersen LLP v. Carlisle*, —— U.S. ——, ——, 129 S.Ct. 1896, 1901–02, 173 L.Ed.2d 832 (2009). However, the FAA imposes certain fundamental rules on arbitration agreements, including "the basic precept that arbitration 'is a matter of consent, not coercion.'" *Stolt–Nielsen*, —— U.S. at ——, 130 S.Ct. at 1773 (quoting *Volt Info. Sciences, Inc. v. Bd. of Trustees.*, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)).[2]

*Stolt–Nielsen* arose from a situation in which the petitioners, a class of shipping companies, transported goods for the respondents, a class of transportation purchasers, pursuant to a standard maritime contract. *Id.* at ——, 130 S.Ct. at 1764. The respondents served the petitioners with a demand for class arbitration. *Id.* at ——, 130 S.Ct. at 1765. The parties selected a panel of arbitrators and stipulated that the arbitration clause of their standard maritime contract was "silent" with respect to class arbitration. *Id.* at ——, 130 S.Ct. at 1766. The panel determined that the arbitration clause allowed for class arbitration and issued an award to the respondents. The district court

---

**2.** A division of this court has held that an agreement to arbitrate between an employer and employee was subject to the FAA. *Grohn v. Sisters of Charity Health Services Colorado*, 960 P.2d 722, 728 (Colo.App.1998).

vacated the award, and the respondents appealed to the Second Circuit Court of Appeals, which reversed the district court's order. *Id.* The United States Supreme Court granted certiorari and reversed the ruling of the court of appeals, reasoning that class arbitration may not be imposed where an arbitration agreement is silent as to class arbitration. *Id.* at ——, 130 S.Ct. at 1775–77.

■ Under *Stolt–Nielsen,* a party may not be compelled to submit to class arbitration, because "parties may specify *with whom* they choose to arbitrate their disputes." *Id.* at ——, 130 S.Ct. at 1774 (emphasis in original). "Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must 'give effect to the contractual rights and expectations of the parties.'" *Id.* at ——, 130 S.Ct. at 1773–74 (quoting *Volt Info. Sciences, Inc.,* 489 U.S. at 479, 109 S.Ct. 1248). Regarding an arbitration agreement, "as with any other contract, the parties' intentions control." *Stolt–Nielsen,* —— U.S. at ——, 130 S.Ct. at 1774.

■ "Class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator." *Id.* at ——, 130 S.Ct. at 1775. Specifically, in bilateral arbitration, "parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution," including lower costs, efficiency, speediness, and the ability to choose expert adjudicators to resolve the dispute. *Id.*

The parties in *Stolt–Nielsen* stipulated that there was "no agreement" as to whether they agreed to take part in class arbitration, and therefore, the Court concluded, "the parties cannot be compelled to submit their dispute to class arbitration." *Id.* at ——, 130 S.Ct. at 1776.

Interpreting *Stolt–Nielsen,* the Second Circuit Court of Appeals recently concluded, in a case similar to this one, that a promissory note's provision waiving class arbitration was unconscionable. Therefore, without the unconscionable class arbitration waiver provision, the promissory note was silent as to the permissibility of class arbitration, and thus the court had no authority to order class arbitration. *Fensterstock v. Education Fin. Partners,* 611 F.3d 124, 141 (2d Cir.2010). We agree with the Second Circuit's reasoning.

Here, as in *Fensterstock,* the employees contend the class arbitration waiver is unconscionable. However, even if the class arbitration waiver is unenforceable, the agreement still would not contain Mountain States Toyota's consent to class arbitration. In that event, as in *Stolt–Nielsen* and *Fensterstock,* we would lack authority to order class-based arbitration. Consequently, the employees' contention that they are entitled to pursue class arbitration must fail.

As a result, we need not address their contention that the trial court erred in concluding that their purported waiver of class arbitration claims was unenforceable on grounds of unconscionability. For the same reasons, we need not address their contention that the purported waiver of class arbitration claims contravened the Colorado Wage Claim Act.

Nevertheless, the employees maintain that even if we conclude that *Stolt–Nielsen* is dispositive on the class arbitration issue, they should be permitted to pursue a class action claim in district court. *See Brewer v. Missouri Title Loans, Inc.,* 323 S.W.3d 18 (Mo. 2010). *Brewer* concerned a loan agreement waiving the borrower's right to class arbitration. *Id.* at 19. The trial court found the class arbitration waiver to be unconscionable and unenforceable. *Id.* On appeal, the Missouri Supreme Court concluded that *Stolt–Nielsen* precluded Missouri Title Loans from being compelled to submit to class arbitration. Nevertheless, the court affirmed the finding of unconscionability, and concluded the entire arbitration agreement was unconscionable.

Here, as in *Brewer,* a finding of unconscionability would not change the fact that *Stolt–Nielsen* remains dispositive. If Mountain States Toyota's class arbitration provision is unconscionable and we apply the reasoning of *Brewer,* the parties would have no agreement on the issue of class arbitration.

Further, although the *Brewer* court held the entire arbitration agreement was unconscionable, the employees do not make that contention here. Accordingly, *Brewer* does not provide a basis for voiding the entire Arbitration Agreement and requiring court litigation instead.

The judgment is affirmed.

Judge CARPARELLI and Judge GABRIEL concur.