No. 13,867.

WALKER *v.* DEARING ET AL.
(63 P. [2d] 513)

Decided January 25, 1937. Rehearing denied February 15, 1937.

Mr. J. H. Boutcher, for plaintiff in error.

Mr. Isaac Mellman, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

This is a replevin action which was brought by plaintiff Walker to obtain possession of personalty covered by a delinquent chattel mortgage. It was instituted in justice court and defendants N. K. and Emma Dearing appealed from an adverse judgment to the county court where, upon a trial to a jury, a verdict was returned December 5, 1934, in their favor. Herein, reference will be made to the parties as plaintiff and defendants or by name.

It appears that in 1931, E. R. Powell—represented by Walker, plaintiff—procured a judgment in the justice court for $76 against N. K. Dearing. June 1, 1934, Walker had himself appointed a special constable to execute this judgment, and went to the home of the Dearings to make a levy and there told defendants that he was going to levy on their household furniture. This furniture had previously been mortgaged to the Public Industrial Bank and at the time of this visit the mortgage was delinquent. Walker told defendants that he had purchased this mortgage. After some discussion, Mr. Dearing went to the Public Industrial Bank to make inquiry concerning the mortgage, where he was told that Walker had not bought the chattel mortgage, but had agreed to do so, and that the only thing he could do would be to give Mr. Walker some security for payment of the judgment; otherwise the latter could buy the mortgage and take away their furniture. Mr. Dearing thereupon returned home and the matter was discussed with Walker and Mrs. Dearing. During this discussion a truck, that had been engaged by

Walker, drove up to the Dearings' home to take the furniture. Walker had levied on an automobile belonging to Mr. Dearing, against whom the judgment had been entered. Under these circumstances, the Dearings gave a second mortgage to Walker on all of their household goods, some of which they claim would have been exempt from execution and levy. In consideration of the giving of this second mortgage, Walker satisfied the judgment against Dearing, released the automobile from the levy, and the Dearings were given an opportunity to pay the indebtedness secured by the first mortgage to the Public Industrial Bank in installments before payments were to become due on the second mortgage. The note secured by the latter mortgage was dated June 2, 1934, and was for $96 payable in monthly amounts of $24 each, the first of the payments being due July 1, and the last October 2, 1934. This mortgage was made to Powell, the judgment creditor, and was obtained by Walker about a month after its date. Payments were not made as stipulated in the note secured by the second mortgage and September 29, 1934, Walker, the then owner, brought this replevin suit to recover possession of the mortgaged chattels. Redelivery bond was given by the Dearings and, as stated, the two trials followed.

The Dearings, defendants, admitted the execution of the second chattel mortgage, but contended that it had been obtained by duress. They here further contend that Walker was without right to have himself appointed special constable in an action in which he had represented Powell, the judgment creditor of Mr. Dearing, and that, although having been so appointed, he had no right to conduct the transactions with the Dearings as above related and had no authority to take a chattel mortgage in lieu of the performance of his duty, which was solely to make a proper levy and sale under the execution in his hands. Walker, the plaintiff, contends that there was no duress because he was doing that which he had a legal right to do.

While we look with disfavor upon the methods employed by Walker, it is not necessary in determining this controversy, to decide whether or not he followed an illegal procedure in the matter, since the net result of his activities was not essentially unjust as to the Dearings who are seeking to be relieved from all liability on a debt they had contracted based upon a consideration which operated generally to their benefit. The record in the original case between Powell and Dearing, tried in the justice court, is not before us and a presumption of its regularity obtains. If Walker, not an attorney, had the right to appear for Powell in the case in the justice court, and we have held that he had such right, there is an equally sound reason why, if there was a compliance with the statutes, he could be appointed special constable to execute a judgment therein obtained. In both instances, he was acting for and on behalf of the judgment creditor. If as special constable he accepted security, in lieu of a levy, for his principal, that is a matter about which the principal only could be heard to complain. He had levied on Mr. Dearing's automobile. He had had some negotiations looking to the purchase of the first mortgage on the household goods of defendants, and consequently was in a position to obtain the first mortgage and make an additional levy upon the chattels involved. This mortgage already was past due. Some of the chattels might have been exempt, but it is not shown that any claim for such exemptions was ever made before the second mortgage was given to Walker; neither does it appear that the first mortgage to the bank did not cover the exempt property. The situation was such that the first mortgage on the Dearings' property could have been foreclosed. Mr. Dearing was faced with a levy already made on his automobile, and when both Dearings were advised that further time would be extended to them on the first mortgage, the levy on the automobile released, the judgment against Mr. Dearing satisfied, and that deferred payments could be made on a mortgage to be given to take the place of the judgment which thus would be

32

satisfied, they signed and executed the second mortgage. After several months of opportunity afforded them to satisfy the indebtedness, it still remained unpaid. Can they now be heard to say that the compulsion which they claimed Walker used in obtaining this second mortgage, was of such a character as to constitute a species of fraud in the accomplishment of his purpose? Such must be the nature of the claimed duress if it is to be effective as to them. The evidence is not sufficiently convincing to support the alleged duress. While the position of the Dearings was an embarrassing one, and Walker took advantage of the situation, all the circumstances of the case finally operated for the present relief of the debtors. Under these circumstances, the claim of defendants that the second chattel mortgage was without consideration, is without foundation. While it is true defendants were in a dilemma, they were not deprived of the exercise of free will, but were given an opportunity to obtain an advantage thereby.

■ The verdict of the jury, being in defendants' favor, must have been based upon a finding that the mortgage was obtained through duress. Upon this point the court instructed the jury as follows:

Instruction No. 3. "The jury is instructed that duress as a matter of law exists where one, by the unlawful act of another is induced to make a contract or perform or forego some act, under circumstances which deprive him of the exercise of free will."

Instruction No. 8. "The court instructs the jury that if you find from a preponderance of the evidence that the defendants acted under duress in executing the chattel mortgage then your verdict should be for the defendants."

Under instruction No. 3, before the jury properly could return a verdict in favor of defendants, it had to find that the acts of Walker in obtaining the chattel mortgage, were, under the circumstances, unlawful. We have herein said that he had the legal right to do what was done by him in procuring this mortgage. "Threats to do what

one may lawfully do is not duress." *Heald v. Crump,* 73 Colo. 251, 215 Pac. 140.

The verdict was contrary to law, and the judgment based thereon is reversed and the cause is remanded with directions to the lower court to enter judgment for plaintiff.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE KNOUS concur.