**Belinda B. WIESEN, Plaintiff-Appellee,**

v.

**Gary W. SHORT, Defendant-Appellant.**

**No. 78–546.**

Colorado Court of Appeals,
Division III.

Dec. 6, 1979.

Holme, Roberts & Owen, Donald K. Bain, Lucius E. Woods, Brent V. Manning, Denver, for plaintiff-appellee.

J. Lawrence Hamil, P. C., Ann L. Williams, Denver, for defendant-appellant.

VAN CISE, Judge.

Plaintiff, Belinda B. Wiesen, sued defendant, Gary W. Short, to recover the balance due on a promissory note. Defendant claimed the note had been signed by him as a result of duress and was therefore not enforceable against him. The court held there was no duress and entered judgment for plaintiff. Defendant appeals, and we affirm.

In 1974, defendant's brother and the corporate business in which both had an interest were in financial difficulties. While

defendant was not himself insolvent, his brother's business dealings were so closely related to his that he believed that his brother's impending bankruptcy would have an extremely adverse effect on his own business. Therefore, defendant became involved in discussions between his brother and a number of his brother's creditors, one of which was plaintiff.

In the course of these discussions, plaintiff maintained that she would not settle any claims with defendant's brother, but rather would force him into bankruptcy, unless defendant agreed to sign a promissory note for $55,000 in satisfaction of her $339,000 deficiency claim against defendant on an earlier note of his. Defendant agreed and signed the note and was released from any further claims on the earlier note. He later defaulted on the $55,000 note, and this action ensued.

Defendant contends that the circumstances present at the time of his signing the $55,000 note, *i. e.*, his brother's impending bankruptcy and the harmful effects on defendant's business future, were such that his signing was the result of "business compulsion," a form of duress. We do not agree.

■■■ We adopt the rule in *Hastain v. Greenbaum*, 205 Kan. 475, 470 P.2d 741 (1970) that:

> " 'To establish duress as ground for the avoidance of a contract, conveyance, or other act, it is not alone sufficient to show the exertion of pressure by threats or even by physical compulsion, but it must also clearly appear that the force or threats employed actually subjugated the mind and will of the person against whom they were directed, and were thus the sole and efficient cause of the action which he took . . . .. And it is a general rule that a transaction cannot be held to have been induced by duress, notwithstanding any threats which may have been made, where the party had and took an opportunity for reflection and for making up his mind, and where he consulted with others and had the benefit of their advice, especially where he was advised by his counsel.' "

*See also Marquart v. Clark*, 109 Colo. 62, 121 P.2d 885 (1942); *Walker v. Dearing*, 100 Colo. 28, 63 P.2d 513 (1937).

■■■ The court found that the settlement agreement resulting in the execution of this note was entered into by defendant, at least partly, in an effort to protect, if not financially save, his brother. It also found that defendant was an intelligent, capable and experienced businessman, discussed this matter with a lawyer, and had an opportunity to reflect. The court further found that there was insufficient evidence to establish that this note resulted from the subjugation of defendant's mind or that his will was so taken away that he could not properly enter into this contract. These findings are supported by the evidence and are binding on appeal. *Peterson v. Ground Water Commission*, Colo., 579 P.2d 629 (1978).

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.