**In re The HERMITAGE INN, INC., Debtor.**

**Bankruptcy No. 85 B 00646 J.**

United States Bankruptcy Court, D. Colorado.

Oct. 20, 1986.

Jeffrey Beattie, Denver, Col., for trustee.

Joseph P. Genchi, Estes Park, Colo., for debtor.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on September 19, 1986, on the Trustee's Motion for Approval of Settlement, and the Debtor's and Nick Kane's objections thereto. This proceeding falls within the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1334 and 157.

The Trustee in this Chapter 7 case seeks approval of a settlement of a complaint filed by the Debtor and its principal shareholder, Nick Kane, against First Interstate Bank of Fort Collins, N.A., Patricia L. Jann, and Ali Emrani. The events upon which the complaint is based stem from a fire in December, 1983, which destroyed the Debtor's property, including a restaurant, lounge, equipment, and inventory.

Following the fire, the Debtor, the Bank, and Mr. Emrani began a dispute over the disbursement of insurance proceeds from the fire. The Bank's and Mr. Emrani's approval were required for disbursement, because, as secured creditors of the Debtor, they were named as loss payees under the insurance policy. The complaint, filed in Larimer County District Court, alleges that a note and deed of trust signed by Mr. Kane and his wife, Penny Kane, are voidable contracts because of lack of consideration and economic duress and coercion. The complaint also asserts that the defendants conspired to destroy the debtor and Mr. Kane, and caused the Debtor's bankruptcy through economic pressure and duress.

The Trustee states he has evaluated the complaint and found it to be without legal merit. He asserts he investigated the

claims, and believes it is in the best interests of creditors to settle them. The proposed settlement calls for payment to the estate of $7,000.00, $3,500.00 to be paid by the Bank and $3,500.00 to be paid by Mr. Emrani. The settlement agreement indicates these sums are for payment of administrative costs and bear no relation to the merits of the complaint. The settlement agreement also provides that the parties are not prevented from seeking and recovering attorney's fees, costs, expenses, and other damages from plaintiffs other than the Debtor or from attorneys representing any plaintiff.

The Debtor and Mr. Kane object to the approval of this settlement. They state that the settlement negotiations occurred without the knowledge of Mr. Kane or his attorney, and allege that the Trustee's investigation was insufficient. They suggest the Trustee lacks sufficient familiarity with the law of economic coercion to reach an informed decision as to the merit of the case. They argue that, if the settlement is approved, further litigation, in the form of a shareholder's derivative action, will ensue, and that no creditors will benefit from the settlement except those in the Larimer County action.

■ Under Bankruptcy Rule 9019:

[o]n motion by the trustee and after a hearing on notice to creditors, the debtor and indenture trustees as provided in Rule 2002(a) and to such other persons as the court may designate, the court may approve a compromise and settlement.

The standards to be used by the Court in considering a compromise and settlement are the same as those used under the Bankruptcy Act of 1898: (1) the probability of the success of the litigation on its merits; (2) any difficulty which may arise in the matter of collection; (3) the complexity of the litigation involved, and expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors and deference to their reasonable views. *In re Carla Leather, Inc.,* 44 B.R. 457, 465–466 (Bankr.S.D.N.Y.1984); *See also, In*

*re Technology for Energy Corp.,* 56 B.R. 307, 311 (Bankr.E.D.Tenn.1985); *In re A & C Properties,* 784 F.2d 1377, 1381 (9th Cir. 1986). The bankruptcy court must carefully weigh the value of the settled claim against the value to the estate by the settlement. *In re GHR Co.,* 50 B.R. 925, 931 (Bankr.Mass.1985). The burden of persuading the court that a settlement should be approved rests with the party proposing the settlement. *Id.* However, the court's assessment does not require resolution of the issues, but only their identification, so that the reasonableness of the settlement may be evaluated. *In re Carla Leather, supra,* at 465.

■ In the instant case, assessment of the proposed settlement under the above standards clearly shows that the settlement should be approved. Despite the statements of the Debtor's attorney, the evidence produced at hearing revealed no indication of the economic coercion alleged in the complaint. The Debtor's former attorney, Mr. Dow, testified that he recommended the resolution of the dispute between the Debtor, the Bank, and Mr. Emrani, and he did not know of any conspiracy to destroy the debtor. Mr. Burcaw, the contractor who reconstructed the restaurant, testified that there were no delays in the reconstruction process.

Under Colorado law if a contract is made under circumstances where a party has possession and control of the property of another, and refuses to relinquish it except upon compliance with an unlawful demand, it is made under economic duress and is void. *Moise Bros. v. Jamison,* 89 Colo. 278, 284–285, 1 P.2d 925 (1931). To establish duress, a party must demonstrate that the mind and will of the party claimed to be coerced were actually subjugated by force or threats, so that force or threats formed the sole cause of the action taken by that party. *Wiesen v. Short,* 43 Colo.App. 374, 604 P.2d 1191, 1192 (1979). There has been no showing that the Debtor could establish such a case, and no showing that the Debtor could support a claim of outrageous conduct against the defendants. The

Trustee's assessment of the case therefore seems reasonable and well-founded. In addition, the Trustee's testimony, together with exhibits attached to his brief, indicate that he performed as thorough an investigation of the merits of the case as was possible without investing extensive time and expense.

No evidence has been produced as to any difficulties of collection of any judgment on the claim. However, the Trustee indicates that the litigation would be extremely complex, costly, and time consuming. It appears that not only is a favorable judgment on the claim unlikely, but collection of any such judgment would be greatly delayed by the protracted litigation which would be involved.

The Debtor and the Trustee agree that the litigation involving the claim would be complex. Evidence presented at the hearing and in the pleadings indicates the case is not at all clear cut in favor of the Debtor. The Trustee is therefore justified in concluding that pursuit of the claim could involve great time, expense, and detriment to the estate.

The creditors involved in the Larimer County action are not the only creditors who would benefit from the settlement. All creditors would benefit from freeing the estate from expensive, burdensome litigation which quite possibly could result in no economic gain for the estate. The Trustee has correctly decided it is in the creditors' best interest to seek their greatest return, not to gamble on costly long-shot litigation.

Based on the above analysis, the settlement proposed by the Trustee meets the standards for acceptance by the Court. It is, therefore,

ORDERED that the objections of the Debtor and of Mr. Kane are overruled, and the motion for approval of settlement is granted.

FURTHER ORDERED that the settlement proposed by the Trustee be, and hereby is, approved. Each party will bear its own costs as to this motion.