**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

SAMUEL RENE LOPEZ,

    Plaintiff - Appellant,

v.

COMPA INDUSTRIES, INC.;
STRATIFY, LLC; EDNA L. LOPEZ;
DANIEL JESENLOPEZ; BRYANT
BINGHAM; ASHLEY CHENOT;
ARMANDO R. LOPEZ; ALLEGRA
HANSON; KAREN MONTY,

    Defendants - Appellees.

No. 24-2041
(D.C. No. 1:23-CV-00303-JB-LF)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Samuel Lopez, proceeding pro se,[1] appeals the district court's order dismissing

his various claims against Compa Industries, Inc., several of Compa's officers and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We construe Lopez's pro se filings liberally, "but we do not act as his advocate." *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

directors, and Stratify, LLC. Because we agree with the district court that Lopez fails to state any claims, we affirm.

## Background

Proceeding in forma pauperis (IFP), Lopez filed an operative amended complaint asserting, as relevant here, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17; the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12111–12213; the Genetic Information Nondiscrimination Act (GINA) of 2008, 42 U.S.C. § 2000ff to 2000ff-11; and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968.[2] Highly summarized, the complaint describes a sprawling family drama revolving around Compa, a business founded by Lopez's father. Lopez's mother and two of his brothers serve in various leadership roles at Compa, and one brother operates Stratify, a separate company. Lopez states that he worked at Compa intermittently during the last 20 years until he was wrongfully terminated.

Lopez alleges, in general terms, a history of family conflict involving favoritism, physical abuse, and questions of paternity. For instance, Lopez asserts that between 2012 and 2013, he relocated to work for one of his brothers as a

---

[2] This operative amended complaint was the ninth that Lopez filed in this litigation. After his initial complaint resulted in a show-cause order, Lopez filed a series of seven amended complaints, which in turn prompted the magistrate judge to further direct him to file a clearly labeled amended complaint not to exceed 35 pages. In response, Lopez filed two substantially similar amended complaints on the same day. The district court treated the first one as operative. Lopez does not challenge that characterization, so we do the same.

software developer but that his brother instead "extorted [him] for physical labor." R. 478. According to Lopez, his mother and brother ridiculed him for working "like a [M]exican" and "a slave," and when Lopez asked for a raise, his brother "would call [him] a 'Jew.'" *Id.* Lopez's complaint states that when he refused to perform additional physical labor, he was fired "under fraudulent terms." *Id.* Lopez also recounts a 2010 incident in which he was involuntarily committed to a psychiatric hospital in New Mexico, asserting that his mother used that incident against him in 2020 or 2021 when, during "one of [their] negotiations[,] she told [Lopez] she didn't have to honor the contract because [he] was 'crazy.'" *Id.* at 479.

Lopez devotes the remainder of his complaint to describing what he asserts is a criminal RICO conspiracy, alluding in vague and conclusory terms to myriad "frauds" committed by various family members and Compa employees. For example, he accuses his mother of stealing from his storage units, as well as extortion and "multiple frauds and breaches of contracts." *Id.* at 481. Lopez also makes repeated reference to his work acquiring a particular government certification for Compa and seems to allege that his brother sought to steal or sabotage that certification.

After reviewing the amended complaint, the district court dismissed it sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6), concluding that Lopez failed to state any claims, including claims under Title VII, the ADA, GINA, or RICO, and that further opportunity for amendment to the complaint would be futile.

Lopez appeals.

**Analysis**

"We review de novo the district court's decision to dismiss an IFP complaint under . . . § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To that end, "[w]e apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for [Rule 12(b)(6)] motions to dismiss for failure to state a claim." *Id.* at 1217–18. "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give [the plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (quoting *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999)).

Under Rule 12(b)(6)'s failure-to-state-a-claim standard, a plaintiff must "plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing plausibility, we need not accept conclusory allegations unsupported by facts. *See*

*Clinton Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). And although "the [Rule] 12(b)(6) standard does not require that [Lopez] establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether [he] has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

Lopez challenges the dismissal of his federal claims under the ADA, Title VII, and RICO. We consider each in turn.[3]

## I.     ADA

Lopez first challenges the district court's dismissal of his ADA claim. To state a prima facie case of discrimination under the ADA, Lopez must allege that he "is disabled within the meaning of the ADA, . . . is qualified to perform the essential functions of the job with or without accommodation, and . . . suffered an adverse employment action because of [his] disability." *Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 989–90 (10th Cir. 2021). "A disability, as defined by the ADA, is '(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment.'" *McWilliams v. Jefferson Cnty.*, 463 F.3d 1113, 1116 (10th Cir. 2006) (quoting *Croy v. Cobe Laboratories, Inc.*, 345 F.3d

---

[3] Lopez's appellate brief purports to challenge the dismissal of his GINA claim as well, but in so doing, he collapses the GINA claim into his Title VII claim and does not advance any argument specific to GINA. We therefore decline to address this argument as inadequately presented. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

1199, 1204 (10th Cir. 2003)). The district court ruled that Lopez "does not state a claim pursuant to the ADA[] because there are no factual allegations showing that Lopez is disabled within the ADA's meaning or that he suffered an adverse employment action because of his disability." R. 668.

On appeal, Lopez disputes the district court's ruling by pointing out that his mother's stated reason for refusing to honor "his written employment contract was because 'he was crazy,'" adding that his "mental[-health] medical history was used as a weapon to . . . discriminate against him in the protected activity of employment." Aplt. Br. 3. But we agree with the district court's conclusion that Lopez's complaint is devoid of allegations establishing that he is disabled within the meaning of the ADA. While Lopez alleges that he was hospitalized for mental-health reasons over a decade ago, his complaint does not state that he suffers from any ongoing mental-health impairment that has interfered with his major life activities. *See Johnson v. Weld Cnty.*, 594 F.3d 1202, 1218 n.10 (10th Cir. 2010) (single instance of temporary blindness inadequate to establish ADA disability). Moreover, his allegation that his mother called him "crazy" while discussing an employment contract is inadequate to support a plausible inference that his mother terminated his employment because of this decade-old incident, particularly in light of Lopez's failure to plead any factual details surrounding the alleged termination of his employment. *See Clinton*, 63 F.4th at 1275 (explaining that we "need not accept '[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements'" (alterations in original) (quoting *Iqbal*, 556 U.S. at 678)).

6

## II.    Title VII

Lopez next challenges the district court's dismissal of his Title VII claim. "Title VII makes it unlawful 'to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Khalik*, 671 F.3d at 1192 (quoting 42 U.S.C. § 2000e-2(a)(1)). When, as here, a plaintiff "seeks to use circumstantial evidence to show [their] employer's discriminatory intent," *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015), courts typically apply the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, a plaintiff can establish a prima facie case of discrimination by establishing "that (1) [he] is a member of a protected class, (2) [he] suffered an adverse employment action, (3) [he] qualified for the position at issue, and (4) [he] was treated less favorably than others not in the protected class." *Khalik*, 671 F.3d at 1192. Here, the district court concluded, in a very brief assessment, that Lopez failed to state a claim "because there are no factual allegations that Lopez suffered an adverse employment action under circumstances giving rise to an inference of racial, religious, or national[-]origin discrimination." R. 668.

Construing Lopez's appellate brief liberally, he argues that he has adequately pleaded a Title VII discrimination claim by alleging that his brother and mother regarded him as having more Mexican and Native American heritage than his siblings and referred to him using derogatory racial terms. We disagree. Leaving

aside whether Lopez adequately pleaded an adverse employment action or membership in a protected class, he entirely failed to plead any facts showing that others outside of his protected class were treated more favorably than he was. For that reason, he fails to state a Title VII claim. *See Khalik*, 671 F.3d at 1194 (dismissing Title VII claim in part because "[t]here are no allegations of similarly situated employees who were treated differently").

Moreover, we discern no facts supporting any inference of discrimination here. *See Bennett*, 792 F.3d at 1266 (stating Title VII prima facie case to include more general element of "circumstances giving rise to an inference of discrimination"). Reviewing Lopez's complaint as a whole, "there is nothing other than sheer speculation to link [his mother and brother's alleged derogatory attitudes and comments] to a discriminatory . . . motive" for the termination of his employment. *Khalik*, 671 F.3d at 1194. And Lopez's "general assertions of discrimination . . . without any details whatsoever of events leading up to [his] termination, are insufficient to survive [dismissal]." *Id.* at 1193; *see also Clinton*, 63 F.4th at 1275 (noting that we need not accept conclusory allegations unsupported by facts).

## III.   RICO

Last, Lopez asserts that he adequately pleaded a civil RICO claim under 18 U.S.C. § 1964(c). "To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant '(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Johnson v. Heath*, 56 F.4th 851, 858 (10th Cir. 2022) (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016)).

8

"'Racketeering activity' consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a 'pattern' requires at least two racketeering acts committed within ten years of each other." *Id.* (quoting § 1961(5)). The district court concluded that Lopez failed to state a RICO claim because he failed to "allege facts showing that each [d]efendant's conduct satisfied each element of a RICO claim." R. 669.

On appeal, Lopez argues that he adequately "alleged a pattern of racketeering going back decades, involving his mother, brothers, other Compa . . . employees, [and] Stratify employees." Aplt. Br. 4. We again disagree. While Lopez makes repeated references to various crimes throughout his complaint, he fails to provide any details or explanations about the nature of these crimes, and "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Clinton*, 63 F.4th at 1275. For example, Lopez's complaint alleges that his brother committed wire fraud by sabotaging an application that Lopez submitted seeking a particular government certification for Compa, but he never describes the actual false representation his brother made at this time or how his brother intended to obtain money or property as a result. *See* § 1961(1) (listing wire fraud under 18 U.S.C. § 1343 as RICO predicate); § 1343 (specifying that wire fraud necessarily involves a scheme to "obtain[] money or property by means of false or fraudulent pretenses").

Similarly, the remainder of the complaint contains multiple generic references to "fraud" but entirely fails to specify the type of frauds listed in § 1961 that each

9

defendant allegedly committed. *See Twombly*, 550 U.S. at 555 (explaining that complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))). Lopez's repeated references to extortion are likewise unavailing, since he never describes any of the actual threats the defendants used to coerce him. *See* § 1961(1) (listing extortion "chargeable under [s]tate law" as RICO predicate); N.M. Stat. Ann. § 30-16-9 (defining extortion as "the communication or transmission of any threat to another by any means whatsoever with intent thereby to wrongfully obtain anything of value or to wrongfully compel the person threatened to do or refrain from doing any act against his will"). And the remaining allegations relate to activities or crimes that are not predicate RICO offenses under § 1961, such as harassment, assault, breach of contract, breach of fiduciary duty, wrongful termination, defamation, and negligence. *See* § 1961 (listing exclusively criminal acts as RICO predicates). Thus, because he does not allege facts supporting any plausible predicate acts, Lopez fails to state a RICO claim.[4]

## Conclusion

Because Lopez's amended complaint fails to state any claims despite his

---

[4] Lopez also argues on appeal that the district court improperly dismissed some defendants for lack of personal jurisdiction. In so doing, he misreads the district court's order. After the district court dismissed all the federal claims, it declined to exercise *supplemental* jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Thus, Lopez's arguments with respect to *personal* jurisdiction are inapposite. And because his appellate brief does not challenge the district court's treatment of his state-law claims, we need not consider that issue.

repeated attempts at amendment, we affirm the district court's dismissal order.

Entered for the Court

Nancy L. Moritz
Circuit Judge